OPINION
{¶ 1} Plaintiff-appellant Innovation Sales, L.L.C., appeals from a judgment of the Montgomery County Common Pleas Court awarding it only nominal damages for its claim of unjust enrichment against defendant-appellee SRS Manufacturing Corporation. Innovation Sales contends that the trial court erred by determining that it had failed to establish more than nominal damages. SRS has cross-appealed, contending that the *Page 2 
trial court erred by finding that Innovation Sales had established its claim of unjust enrichment and by awarding any damages.
 {¶ 2} We conclude that the record contains credible evidence upon which the trial court could reasonably find that Innovation Sales had proven its claim of unjust enrichment. We further conclude that Innovation Sales failed to establish more than nominal damages. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Innovation Sales, L.L.C., is a company that represents a number of different manufacturing companies. SRS Manufacturing Corporation (SRS) is a manufacturing company owned by Carlos Robinson. SRS produces component parts for its customers.
 {¶ 4} A business relationship formed between Innovation Sales and SRS in 1994. In 1998, David Charbel, a principal of Innovation Sales, took over the representation of SRS. Charbel's duty included establishing a relationship between SRS and various manufacturing customers. Of relevance to this appeal, Charbel secured business on behalf of SRS from Norgren Corporation (Norgren), Vapor Systems (Vapor Systems) Technologies and Tech Products Corporation (Tech Products). The first business deal secured by Charbel was with Norgren in August, 1998. According to the record, SRS agreed to pay commissions to Charbel and Innovation Sales for orders brought in by Charbel from these three companies. No written contract or agreement was executed by and between the parties.
 {¶ 5} The relationship between Innovation Sales and SRS ended in July, 2002 *Page 3 
when Charbel began to dispute the amount of the commissions he was owed by SRS. Following the termination of their business relationship, Innovation Sales filed this action against SRS, alleging claims for breach of contract, conversion and unjust enrichment. Innovation Sales also sought a declaratory judgment stating that it is entitled to commissions for a period of two years on all sales made by Innovation Sales on behalf of SRS that had not been billed or invoiced.
 {¶ 6} SRS filed a motion for summary judgment, following which the magistrate rendered summary judgment against Innovation Sales on its claims for breach of contract and for declaratory judgment. The magistrate overruled SRS's motion with regard to the claims for unjust enrichment and conversion. Following objections by both parties, the trial court adopted this decision of the magistrate.
 {¶ 7} Thereafter, trial on the claims for unjust enrichment and conversion was held before the magistrate. The magistrate entered a decision determining that Innovation Sales had failed to sustain its burden of proof with regard to the claim for conversion. The magistrate further concluded that, while Innovation Sales had proved its claim for unjust enrichment, it had failed to "adequately prove compensatory damages stemming from the unjust enrichment." The magistrate awarded Innovation Sales the sum of five hundred dollars as nominal damages.
 {¶ 8} Again, both parties filed objections. The trial court overruled both parties' objections, and adopted the decision of the magistrate as its judgment. Innovation Sales appeals, contending that the trial court erred by finding that Innovation Sales failed to prove the amount of its compensatory damages. SRS cross-appeals, contending that the trial court erred by finding liability and awarding nominal damages. *Page 4 
 II {¶ 9} Innovation Sales's sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF DID NOT ADEQUATELY PROVE ITS DAMAGES AND THAT PLAINTIFF DID NOT PROVIDE EVIDENCE SUFFICIENT TO SHOW MORE THAN A SPECULATIVE AMOUNT OF DAMAGES."
 {¶ 11} Innovation Sales contends that the lower court erred with regard to the issue of damages on its claim for unjust enrichment. Specifically, Innovation Sales contends that the record contains evidence sufficient to prove compensatory damages in the amount of $57,630.13.
 {¶ 12} "Unjust enrichment, like other quasi-contract doctrines, is derived from the equitable principle that no person ought to retain a benefit which, if retained by him, would result in inequity and injustice." Schaste Metals, Inc. v. Tech Heating Air Conditioning,Inc. (Aug. 7, 1997), Cuyahoga App. No. 71589. Under the theory of unjust enrichment, Innovation
 {¶ 13} Sales is entitled to no more than the reasonable value of the benefit conferred upon SRS. Id.
 {¶ 14} When reviewing a claim that a judgment is not supported by the evidence, this court presumes that the judgment of the lower court is correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. "[J]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Construction Co. *Page 5 
(1978), 54 Ohio St.2d 279, syllabus. Thus, the question is whether Innovation Sales presented the trial court with competent, credible evidence regarding the reasonable value of the benefit conferred upon SRS.
 {¶ 15} The evidence demonstrated that Charbel began receiving commissions from SRS with regard to Norgren, Vapor Systems or Tech Products in 1998, when he first introduced those companies to SRS. At trial, Charbel maintained that Innovation Sales was entitled to five percent of all gross sales made by SRS to these companies for the period from January of 2000 through July, 2002, when the relationship between Innovation Sales and SRS ceased.
 {¶ 16} The magistrate declined to use a damage calculation based on a commission of five percent of gross sales, because to do so "would be tantamount to awarding breach of contract express contract damages, when a contract has been expressly found by this court not to exist." We find no error in this logic, especially given that the evidence is that not all of the commissions paid were the same. The commissions paid by SRS ranged from two to five percent of the sales. Indeed, there was evidence that the parties agreed that some of the sales would result in no commission being paid.
 {¶ 17} The magistrate further found that there was a discrepancy between the gross sales figures claimed by SRS and the figures produced by the three companies. The magistrate noted that the Norgren receipts for 2001 indicated that the sales totaled $105,969 while SRS's receipts showed gross sales of $406,647.
 {¶ 18} From our review of the extensive documentary evidence and the transcript, we find that the evidence regarding sales made by SRS to these companies is *Page 6 
inconclusive. For example, there is testimony that even though some of the receipts might show orders for $100,000 in parts, not all of the orders were fulfilled. In other words, even if a receipt indicated that a company placed an order for $100,000 worth of parts, it is impossible to determine from the evidence submitted whether SRS was able to meet the entire order; whether the ordering company reduced or cancelled the ordered amount; or whether some, or all, of a shipped order was rejected due to flaws or deviations from specifications. Thus, we conclude that the evidence regarding sales made by SRS to Norgren, Tech Products and Vapor Systems is insufficient and does not permit a determination of the amount of profit SRS enjoyed on sales generated by Innovation Sales. Therefore, we conclude that the trial court did not err in its conclusion that there was a failure of proof as to the amount of compensatory damages.
 {¶ 19} Innovation Sales's sole assignment of error is overruled.
 III {¶ 20} SRS's First Assignment of Error on its cross-appeal is as follows:
 {¶ 21} "THE TRIAL COURT ERRED IN CONSIDERING PLAINTIFF'S UNJUST ENRICHMENT CLAIM AND IN FINDING LIABILITY FOR UNJUST ENRICHMENT."
 {¶ 22} SRS contends that the trial court, in its decision rendering summary judgment, found that there was an express contract between the parties. Thus, SRS contends that it was error to consider any claim of unjust enrichment. In support, SRS cites this court's holding that no claim for unjust enrichment can exist when a contract covers the matters in dispute. See, Caras v. Green Green (June 28, 1996), Montgomery App. No. 15089. *Page 7 
 {¶ 23} We have reviewed the portion of trial court's decision to which SRS cites. The decision provides in pertinent part as follows:
 {¶ 24} "[T]he Court finds that [Innovation Sales] and [SRS] had an agreement whereby [SRS] would pay [Innovation Sales] a commission on job orders brought in by [Innovation Sales]. There was no meeting of the minds, however, as to whether [Innovation Sales] was to receive a commission on orders resulting from a mere introduction of a potential customer or some other activity short of producing a job order. Thus, the Magistrate properly granted summary judgment in favor of [SRS] on [Innovation Sales's] breach of contract claim."
 {¶ 25} We do not construe this as a finding of an express contract. Instead, we interpret the court's decision, in conjunction with the record and the magistrate's findings, as merely indicating that the parties had some agreement regarding commissions, but that there was no contract specifying the nature or amount of the commissions. Further, both judgments specifically ruled that no contract existed between the parties, there having been no meeting of the minds upon an essential term of the contract — the scope of the work upon which commissions were to be computed and paid.
 {¶ 26} SRS's First Assignment of Error is overruled.
 IV {¶ 27} SRS's Second Assignment of Error is as follows:
 {¶ 28} "BASED ON THE COURT'S FINDINGS, THE COURT ERRED AS A MATTER OF LAW IN FINDING DEFENDANT WAS LIABLE FOR UNJUST *Page 8 
ENRICHMENT."
 {¶ 29} SRS contends that the trial court erred in concluding that Innovation Sales had proved its claim of unjust enrichment. In support, it argues that Innovation Sales failed to demonstrate a causal connection between Charbel's marketing efforts and any benefit to SRS.
 {¶ 30} The record in this case supports a finding that Charbel made calls upon Norgren, Tech Products and Vapor Systems on behalf of SRS. It further shows that SRS quit paying commissions to Innovation Sales even while Charbel was continuing to solicit business on behalf of SRS. Further, at trial, Carlos Robinson stated that SRS benefitted by Charbel's actions because it continued to make sales to these companies. He further noted that this prevented his competitors from getting a "foothold" on the business generated by those companies.
 {¶ 31} As noted by the magistrate: "[w]hen one takes into consideration the sales calls made by Charbel * * * coupled with telephone calls from Charbel to the three businesses, and those are coupled with the lunches, social outings, and holiday gifts in which Charbel participated at some cost to himself, it would be unjust for him not to be compensated for his efforts." We agree, and conclude that the trial court did not err in this regard.
 {¶ 32} SRS's Second Assignment of Error is overruled.
 V {¶ 33} SRS raises the following as its Third Assignment of Error:
 {¶ 34} "THE COURT ERRED IN ITS FINAL ENTRY IN RULING THAT *Page 9 
PLAINTIFF COULD STILL PRODUCE EVIDENCE UNDER ITS UNJUST ENRICHMENT CLAIM FOR YEARS BEYOND 2001."
 {¶ 35} In its complaint, Innovation Sales sought a declaratory judgment that it was owed commissions on all sales made by SRS to Norgren, Tech Products and Vapor Systems for a period of two years following the break-up of the business relationship between the parties. SRS moved for summary judgment on this claim, which the magistrate granted. The trial court, in adopting the magistrate's decision on this issue, made the following statement: "This ruling does not affect [Innovation Sales's] ability to produce evidence under its unjust enrichment claim for commissions it believes were not paid for years beyond 2000 and 2001."
 {¶ 36} We note that the summary judgment denying Innovation Sales's claim for declaratory judgment was not a part of the trial later conducted by the magistrate, nor is the issue included in Innovation Sales's appeal. As previously stated, the only issues tried to the magistrate following summary judgment were the claims of conversion and unjust enrichment. As noted, following trial the magistrate found that the claim of unjust enrichment had been proved, but that Innovation Sales had failed to prove its damages. In adopting the magistrate's decision, the trial court included the exact sentence quoted above in its final judgment. SRS contends that this was error.
 {¶ 37} From our review of the record, it appears that this sentence was inadvertently carried over from the trial court's prior decision adopting the magistrate's summary judgment on the contract claims. Since the final judgment resolved the claim for unjust enrichment and reduced that claim to judgment, the sentence concerning which SRS complains amounts to mere surplusage. In other words, this language *Page 10 
cannot be used to revive the Innovation Sales's claim for damages for unjust enrichment.
 {¶ 38} SRS's Third Assignment of Error is overruled.
 VII {¶ 39} All assignments of error, of both parties, having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1